## STOVALL v SHAFER

Ohio Appeals, 4th Dist, Lawrence Co
Decided March 24, 1931

Irish & Riley, Ironton, for Stovall.

William J. Meyer, A. R. Johnson and Wayne Elkins, all of Ironton, for Shafer.

**MAUCK, PJ.**

There is no authority for the president and treasurer of a corporation, or both of them, to execute a mortgage on the property of the corporation. §8623-73 GC provides that the board of directors of a corporation may authorize the mortgage of corporate property. Where a board is authorized to take corporate action it means a board in session. It does not mean the independent tho concurring action of the individuals composing the board.

"It is a settled principle of corporation law that in order to constitute a valid corporate act, the action of the directors of a corporation must be taken at a meeting of the directors assembled as a board; no individual member of a corporate body, nor any number of such individuals acting separately, can bind the corporation. The separate and individual action of one or more, or even all, of the members of the board of directors is not the action of the board, and will have no effect unless subsequently ratified at a meeting of the board."

**10 Ohio Jurisprudence, 679.**

It is of course true that a corporation after it has received the benefits of an unauthorized act may be estopped from denying the authority of the officer who consummated that act. That is not this case. No estoppel is pleaded nor could it be. This action is not brought by the corporation but by its receiver, and its receiver is trustee not only for the corporation but for its creditors. That receiver finds the property in his hands encumbered by an apparent lien not authorized by law, and this unauthorized lien hindering the execution of the trust should be cancelled by a court of equity unless some superior equity prevents. We see none. There is no satisfactory evidence that the corporation ever received any of the money for which the mortgage was given. The board of directors as a board never ratified the action of the president. There is such a lack of evidence that the corporation ever had possession of the money that it would be impossible to successfully charge any of the officers with embezzlement upon their failure to account for this money.

We agree with all that has been said in the opinion of the trial judge and order that the same entry be made in this court as was made in the lower court.

MIDDLETON and BLOSSER, JJ, concur.